UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARRYL K. HARROD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-2287-RC |
| | ) | |
| | ) | |
| BOB GUINEY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this action, Plaintiff, proceeding *pro se*, states that this "case is in reference to Under payment of Wages to [him]." Compl. at 1. He seeks $2 million in damages for alleged violations of the Davis-Bacon Act, 40 U.S.C. §§ 3141-48. Pending before the Court are the separate motions to dismiss brought on behalf of Defendants Bob Chilcoat and Chilmar Corporation ("Corp. Defs."), ECF No. 8, and Defendant Bob Guiney, ECF No. 10. In separate orders issued on December 23 and December 29 of 2016, ECF Nos. 9, 11, Plaintiff was informed about his obligation to respond to each motion by January 31, 2017, and February 10, 2017, respectively. Plaintiff has not complied with either order, and he has not requested additional time to comply.

Consistent with the advisements in the orders, the Court finds that Plaintiff has conceded Defendants' valid arguments for dismissal. Specifically, Defendants contend that the Davis-Bacon Act does not authorize a private cause of action in federal court "to recover the difference between actual wages paid and the required prevailing wage under [the Act]." Corp. Defs.' Mem. ¶ 4 (citing cases); *see Ibrahim v. Mid-Atl. Air of DC, LLC*, 802 F. Supp. 2d 73, 75-76

(D.D.C. 2011), *aff'd*, No. 11-7150, 2012 WL 3068460 (D.C. Cir. July 19, 2012) (noting that "[t]he 'majority of courts that have addressed the issue' have concluded that no private right of action exists under 40 U.S.C. § 3142," but declining to "decide the issue" upon finding that plaintiff had conceded the argument "by failing to contest [it]") (citations omitted)). Furthermore, Plaintiff has not disputed that "the Complaint contains no allegations whatsoever relating to Mr. Guiney, and thus fails to state any claim against [this defendant] upon which relief may be granted." Guiney's Mem. at 1; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Consequently, the Court will grant the motion of each defendant and dismiss this case.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  February 22, 2017